IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Turley, et al.,                                Case No. 3:07CV00205

           Plaintiffs

           v.                                           AMENDED ORDER

United States of America, et al.,

           Defendants

       This is a suit by a former defendant in a criminal proceeding in this court and his wife. Following trial on four drug-related charges, the jury returned a verdict of not guilty as to all counts. Plaintiffs' complaint against one of the defendants, Michael Ackley, alleges that Ackley, at the time a Wood County, Ohio Deputy Sheriff assigned to a D.E.A. Task Force in Toledo, Ohio, made false statements to judicial officers in the course of applying for a search warrant and during a state bond hearing.

       The defendant United States was previously, and without opposition by the plaintiffs, granted leave to be substituted for Ackley as a defendant. The gravamen of the motion to substitute was that Ackley was serving in a federal, rather than a state capacity when he committed the alleged acts.

       Pending is the government's motion to dismiss. The basis for the motion is that: 1) Ackley, by virtue of his having acted in a federal, rather than state capacity is covered by the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. [FTCA]; and 2) the plaintiffs neither filed a timely claim as required by the FTCA nor perfected service on the government.

Plaintiffs oppose the motion to dismiss on several grounds: 1) prior official representations in an unrelated matter that Ackley was a state officer preclude the government from asserting that Ackley was acting as a federal officer; 2) Ackley's assignment to the D.E.A. Task Force and work in conjunction with the Task Force failed to comply with D.E.A. regulations and requirements, so that, when committing the allegedly wrongful acts leading to this suit, Ackley was working as a state officer, rather than as a federal officer; and 3) Ackley was not within the scope of his employment when he presented false information and testimony to judicial officers.

For the reasons that follow, the motion to dismiss shall be granted.

**Background**

Ackley has been a Deputy with the Wood County Sheriff's Department since 1991. Since 1999, he has been assigned to the Joint Federal-State Drug Task Force operating in the Toledo area. He was deputized as a federal officer, received a badge manifesting that status, and participated in the work of the Task Force under the general supervision of the D.E.A.'s Resident Agent in Toledo.

Plaintiffs contend, and for purposes of this opinion, their contentions will be deemed to be accurate, that D.E.A. regulations and requirements governing commissioning and supervision of officers were not fulfilled. Thus, according to the plaintiffs, he could not qualify as a federal officer for purposes of the FTCA or otherwise.

In addition, during the period of the events giving rise to this suit, Ackley, while driving a Wood County vehicle, was involved in an accident. County officers and Ackley's D.E.A. supervisor responded to the scene. The County admitted responsibility, and paid for the damage.

Shortly after the accident, Ackley wrote a letter about it to the Sheriff referencing himself as "A Deputy Sheriff, Wood County Sheriff's Office." In addition, the Sheriff sent a letter to State

authorities, as required under State law, about the accident. In that letter the Sheriff stated that Ackley was a Wood County Deputy Sheriff.

Plaintiffs claim that this incident and the resulting correspondence confirms Ackley's status as a state, rather than a federal officer.

## Discussion

At the outset, I note that there appears to be no dispute that, if Ackley is covered by the FTCA, the motion to dismiss must be granted due to plaintiffs' failure to have timely filed the notice of claim required under § 2675 of the Act. The dispositive issue is, accordingly, whether Ackley is covered by the FTCA.

### 1. Estoppel

There is no merit to the plaintiffs' contention that the government is estopped by the events surrounding the auto accident from claiming that Ackley is a federal officer.[1]

Plaintiffs ignore the fact that Ackley had dual status: he was a Deputy Sheriff, but he also was assigned to and worked with the D.E.A. Task Force. Failure to note Ackley's dual status in the correspondence about the accident does not amount to an estoppel. By referencing one affiliation, Ackley was not excluding or denying the other.

In any event, any estoppel effect could not affect the United States, which was not a party to the correspondence. *Cf. Richards v. Jefferson County*, 517 U.S. 793, 798 (1996) (estoppel cannot be invoked against one not a party to the prior proceeding).[2]

---

[1] The term "state officer" has been changed to "federal" officer" in this amended opinion.

[2] As the government argues, Ackley's testimony about his dual status, either during his deposition in this case or prior criminal proceedings, was neither inconsistent nor had an estoppel effect.

3

### 2. Deputization as Federal Officer

The government has certified Ackley's status as a federal employee entitled to the protection of the FTCA. 28 U.S.C. § 2679. This constitutes prima facie evidence of such status.

Plaintiffs seek to overcome the effect of the government's certification and contention that Ackley is a government employee by pointing to alleged defects in the process by which he was deputized and supervised as a federal officer.

That effort fails under the "*de facto* officer" doctrine. This doctrine, which has been recognized by the federal courts since at least 1886, provides that, "[w]here an office exists under the law, it matters not how the appointment of the incumbent is made, so far as the validity of his acts are concerned. It is enough that he is clothed with the insignia of the office, and exercises its powers and functions." *Norton v. Shelby County*, 118 U.S. 425, 444-45 (1886). To be deemed a de facto officer,

> all that is required when there is an office to make an officer *de facto*, is that the individual claiming the office is in possession of it, performing its duties, and claiming to be such officer under color of an election or appointment, as the case may be. It is not necessary that his election or appointment be valid, for that would make him an officer *de jure*. The official acts of such persons are recognized as valid on grounds of public policy, and for the protection of those having official business to transact.

*Id.* at 445 (citation omitted).

More recently, the Supreme Court has reaffirmed the de facto officer doctrine, stating that the doctrine:

> confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person's appointment or election to office is deficient. "The de facto doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks

>to protect the public by insuring the orderly functioning of the government despite technical defects in title to office."

*Ryder v. U.S.*, 515 U.S. 177, 180 (1995) (citations omitted); *see also Waite v. City of Santa Cruz*, 184 U.S. 302, 323 (1902) (a *de facto* officer has "title" that "is not good in law, but who is in fact in the unobstructed possession of an office and discharging its duties in full view of the public, in such manner and under such circumstances as not to present the appearance of being an intruder or usurper").

Under this doctrine, defects in a law officer's commission does not render his acts unlawful. *U.S. v. Jones*, 185 F.3d 459, 462 (5th Cir. 1999). Defenses are as available to him as they are to a duly appointed officer. *See White by Swafford v. Gerbitz*, 892 F.2d 457, 462 (6th Cir. 1989) (applying de facto officer doctrine to extend judicial immunity to judge whose appointment was impaired by "procedural errors").

Thus, regardless of any defects in how Ackley became and continued to be a federal officer, those defects do not deprive him of his status as a federal employee under the FTCA.

### 3. Scope of Employment

The parties dispute whether Ackley can properly be viewed as having acted within the scope of his federal employment when he allegedly presented false information and testimony in judicial proceedings.

I agree with the government that the issue is not whether Ackley acted unlawfully, as plaintiff's allege; the issue, rather, is whether his acts were those customarily performed by a federal law enforcement officer. *See, e.g., Figueroa v. United States Postal Service*, 422 F. Supp.2d 866, 874 (N.D. Ohio 2006), *aff'd*, 220 Fed. Appx. 407 (6th Cir. 2007) (an employee acts within the scope of his employment if his conduct is of the kind he is employed to perform; occurs within an

5

appropriate time and at an appropriate location; and is motivated, at least in part, by an intent to serve his employer). Getting a search warrant and testifying at a bond hearing are acts routinely performed by federal law enforcement officers, as were the other actions he was taking in the course of investigating.

An employee acts within the scope of employment in Ohio, moreover, "if the employee acts within his authority during the course of employment even though acting intentionally or maliciously." *RMI Titanium Co. v. Westinghouse Elec. Corp*. 78 F.3d 1125, 1143 (6th Cir. 1996). Under Ohio law, the issue of scope of employment focuses not on the alleged wrongful nature of the employee's actions; the issue is, rather, whether the employee's actions "are so divergent that [their] very character severs the relationship of employer and employee." *Osborne v. Lyles*, 63 Ohio St.3d 326, 330 (1992).

In *RMI Titanium Co.* the court held that a Department of Energy employee's submission of a false report to the Department did not cause the employee's actions to be outside the scope of his employment. 78 F.3d at 1144 n.20. There is no perceptible difference between submitting a false report to a federal agency and presenting false information to a judicial officer. Consequently, Ackley, even if he presented false information during the course of acquiring a search warrant and testifying at a bond hearing remained, as a matter of law, within the scope of his employment as a federal agent. Here, like the DOE employee in *RMI Titanium Co.*, Ackley was "acting within the course of employment and within his authority." *Id*. at 1144.

### Conclusion

For the foregoing reasons, I conclude that the defendant Ackley was acting as a federal agent when he committed the acts giving rise to this suit. I also conclude that he was within the scope of

his federal employment when he committed those acts. He is, accordingly, only amenable to suit for actions performed in his federal capacity if the plaintiffs comply with the FTCA. They have not done so.

It is, therefore,

ORDERED THAT the motion of the United States of America to dismiss [Doc. 12] be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
