IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Turley, et al.,                      Case No. 3:07CV205

       Plaintiff

v.                                                     ORDER

Michael M. Ackley, et al.,

       Defendant

      This is a civil rights case, initially filed pursuant to 42 U.S.C. § 1983, in which the plaintiff Christopher Turley alleges, *inter alia*, that the defendant Michael M. Ackley filed a false affidavit for a search warrant and gave false testimony in a bond hearing in the Wood County, Ohio, Court of Common Pleas. As a result, according to plaintiffs, Turley was denied his right to a reasonable bail and remanded to custody for ten days. Thereafter, when prosecuted in this court, Turley was released, but subjected to electronic monitoring.

      The plaintiffs sued Ackley individually and in his official capacity as a Wood County Deputy Sheriff. In addition to his § 1983 claims, Turley asserted a state claim for abuse of process. His wife brought a state claim for loss of services.

      Shortly after filing this suit, plaintiffs filed an amended complaint, in which they acknowledged that Ackley was contending that he was acting as a federal agent during the events giving rise to this litigation. While retaining the § 1983 and state claims, plaintiffs added claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Government counsel file a notice of appearance and sought and was granted leave to substitute the United States for Ackley. It then filed a motion to dismiss the state common law claims. That motion was granted on September 5, 2007. [Doc. 26]. Judgment was entered stating that the government's motion to dismiss was granted and noting that the case was closed. [Doc. 27].[1]

The plaintiff filed a motion to clarify with regard to the "case closed" notation. [Doc. 30]. The government responded that it agreed with the plaintiffs that the case should not be deemed closed. [Doc. 32]. By e-mail, with copies to counsel, I notified the Clerk that the case was not closed.

Since then, the case has continued along on the plaintiffs' *Bivens* claims. The government was granted leave to file a dispositive motion and further scheduling was held in abeyance pending adjudication of that motion. [Doc. 38].

The government has since filed a motion to dismiss or in the alternative for summary judgment. [Doc. 39]. Among other contentions, which challenge the plaintiffs' complaint on its merits, the government asserts that the plaintiffs never perfected service of process on the government in accordance with Fed. R. Civ. P. 4(i)(2)(B). That rule provided that service is not perfected on an individual alleged to have acted on behalf of the United States unless both the United States and the individual have been served in accordance with the rules.

In response to the government's motion, the plaintiffs have filed a memorandum partially opposing the motion to dismiss only on the grounds of a failure to perfect service [Doc. 48] and, as well, a motion for leave to amend their complaint by interlineation. [Doc. 42].

---

[1] An amended order, reaching the same substantive result as the original dismissal order, was also filed. [Doc. 29]. Nothing as to this order is presently at issue.

2

The plaintiffs' partial opposition to the government's motion to dismiss contends that service on a government employee sued, as plaintiffs contend Ackley is, only in his individual capacity, is sufficient with service on the individual.

The plaintiffs' opposition also represents that their counsel had withheld seeking to serve the government due to his belief that the my order of dismissal had, in light of the "case closed" notation in the judgment entry, related to all claims – and not just the state claims as to which the government's motion and the text of the order clearly related. Thus, according to plaintiffs' counsel, the case was, in effect, in a procedural limbo, with its ultimate status veiled in doubt.

In reply, the government noted that the cases on which the plaintiffs' counsel was relying to support his contention that service on the individual sufficed to perfect service had been abrogated by the 2000 amendments to Fed. R. Civ. P. 4. As noted above, the applicable version of the rule expressly requires service on both the individual and the government.

The government's motion to dismiss for failure to perfect service shall be granted. Service has not been perfected within the 120 period prescribed in Fed. R. Civ. P. 4(m).

In our Circuit, dismissal is to occur where service has not been perfected within the 120 day period unless the plaintiff has shown good cause for failing to comply with the rule. *See, e.g., Habib v. General Motors Corporation*, 15 F.3d 72, 73 (6th Cir. 1994) ("Absent a showing of good cause to justify a failure of timely service, Fed. R. Civ. P. [4(m)] compels dismissal."); *see also Abel v. Harp*, 122 Fed. Appx. 248, 251 (6th Cir. 2005); *Clemons v. Soeltner*, 62 Fed. Appx. 81, 82 (6th Cir. 2003); *Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001).[2]

---

[2] I agree with the government that I must look to the Sixth Circuit's pronouncements on this issue, even though an esteemed colleague in the Southern District may disagree. *See Osborne v. First Union National Bank*, 217 F.R.D. 405, fn.1 (2003) (declining to require good cause showing for

Here the plaintiffs' counsel represents that his uncertainty about the status of the case in light of the "case closed" designation in the judgment entry and his failure to realize that the 120 day clock was ticking constitute good cause.

I disagree. Counsel was on notice that the "case closed" statement was erroneous on five grounds. First, the motion to dismiss and ensuing order of dismissal related only to the state claims, and neither said nor did anything about the federal claims. Second, plaintiffs' counsel learned in my e-mail to the Clerk that the "case closed" notation was not operative. Third, the case has continued to chug along in a normal manner: a scheduling conference was held and the government has filed its dispositive motion in accordance with the timetable set at that conference.

Fourth, at no point has plaintiffs' counsel waved his hand to call my attention to any lingering uncertainty about the "case closed" notation. Had he done so, any question that he now claims to have would long ago have been put to rest.[3]

Fifth, and most tellingly: it is clear that plaintiffs' counsel misapprehended the law regarding perfecting service. His opposition to that part of the government's motion to dismiss that seeks dismissal for failure to perfect service discusses the state of the law as it existed before the 2000 amendments to Rule 4. All well and good, but not on point.

---

failure to perfect service within the 120 day period of Rule 4(m)). A colleague in the Northern District has reconfirmed the good cause requirement. *See Cromety v. Elkton Federal Correctional Institution*, 2006 WL 753108, *4 (N.D. Ohio 2006).

[3] Plaintiff's partial opposition to the government's motion to dismiss also asks that I "reinstate the case." In that aspect of his opposition, he suggests that my order dismissing the state claims constituted a dismissal of the entire case. It did not do so, because it only granted the government's motion to dismiss those claims, and it could not have done so, because the government only sought dismissal of those claims. *See* [Doc. 26]. Any effect of the erroneous "case closed" notation on the ensuing judgment entry [Doc. 27] was undone by my e-mailed notification to the Clerk, with copies to counsel, that the case was not closed.

The inference is inescapable that plaintiffs' counsel believed that he had perfected service once he had served the individual defendant. In other circuits that may have been good enough before 2000. In this circuit, at best, the issue was somewhat in doubt. *See Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113 (6th Cir. 1988). Responsibility for consequences of his unawareness of the true state of the law and what it required of him cannot be transferred to this Court on the basis of its clerical error. That error was, in any event, promptly rectified by my e-mail notice to the Clerk.

Plaintiffs have not perfected service within the requisite 120 day period. Their counsel has not shown good cause for that failure.

It is, accordingly,

ORDERED THAT:

1. The government's motion to dismiss [Doc. 39] be, and the same hereby is granted;

2. Plaintiffs' motions to reinstate the case and for leave to amend their complaint [Doc. 42] be, and the same hereby are overruled as moot.

So ordered.

> s/James G. Carr
> James G. Carr
> Chief Judge